FILED

JAN 1 2 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ROBERT DON SMITH, | ) | |
| | ) | Civil No. 07-697-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUY HALL, Superintendent, | ) | |
| Two Rivers Correctional | ) | FINDINGS AND RECOMMENDATION |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Craig E. Weinerman
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, Oregon 97401

    Attorney for Petitioner

Hardy Myers
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Robert Don Smith brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges convictions for robbery in the first and second degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

In September 2003, the Douglas County District Attorney's Office charged Smith with five counts of Robbery in the First Degree with a Firearm, six counts of Robbery in the Second Degree, six counts of Felon in Possession of a Firearm, and one count of Possession of a Controlled Substance. Respondent's Exhibit 102.[1] Following plea negotiations, Smith pled no contest to one count of Robbery in the First Degree and two counts of Robbery in the Second Degree. In exchange for Smith's plea, all the remaining Douglas County charges were dismissed, pending charges in Coos County were dismissed, and the federal prosecutor promised to recommend that the federal district court run any sentence it imposed under the Armed Career Criminal Act concurrently with Smith's state sentence. The sentencing court accepted Smith's plea and imposed a sentence

---

[1] In addition to the Douglas County charges, Smith faced additional charges in Coos County and in federal court under the federal Armed Career Criminal Act (ACCA). Petitioner's Memorandum in Support (#29), pp. 2-4.

2 - FINDINGS AND RECOMMENDATION

in accord with the parties' agreement totaling 28 years. Respondent's Exhibit 101, pp. 4-5.

Smith did not directly appeal his sentence, but did file for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Smith v. Hall, Umatilla County Circuit Court Case No. CV04-1168. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Smith v. Hall, 209 Or. App. 379, 148 P.3d 926 (2006), rev. denied, 342 Or. 645, 158 P.3d 508 (2007); Respondent's Exhibits 116-120.

On May 11, 2007, Smith filed this action. His ground for relief can be summarized as follows:

> Ground One: Petitioner was denied effective assistance of trial counsel under the Sixth and Fourteenth Amendments to the United States Constitution under the holdings of Strickland v. Washington, 466 U.S. 668 (1984) in that counsel failed to exercise professional skill and judgment in a reasonable, diligent and conscientious manner.
>
> Supporting Facts: Trial counsel failed to ensure petitioner's decision to waive his rights to a jury trial and enter a guilty plea was knowingly, voluntarily, and intelligently made.
>
> Petitioner was charged with multiple counts of robbery and felon in possession of a firearm arising from a crime spree in Douglas and Coos Counties. Petitioner also faced charges in federal court for Felon in Possession of a Firearm as an Armed Career Criminal. Trial counsel negotiated a proposed plea agreement with state and federal prosecutors wherein a 200-month federal sentence would run concurrently with a 336-month Douglas County (state) sentence.
>
> Counsel advised petitioner that if he rejected the proposed plea agreement he would receive consecutive time on the federal charges and would "die in prison." This was erroneous advice because Federal sentencing guidelines require that the federal sentence for felon in possession of a firearm (if the

3 - FINDINGS AND RECOMMENDATION

same firearm applied to the state charges) run concurrent to the undischarged term of imprisonment in the state case. See U.S.S.G. section 5 G1.3(b), 4(b)(3)(A) and <u>United States v. Lynch</u>, 378 F.3d 445 (5th Cir. 2004).

But for counsel's erroneous advice, petitioner would not have entered into the no-contest plea agreement.

Respondent asks the court to deny relief on the Petition because Smith's claim was correctly denied on the merits in a state-court decision that is entitled to deference.

## DISCUSSION

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

4 - FINDINGS AND RECOMMENDATION

and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694.

5 - FINDINGS AND RECOMMENDATION

A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

In Hill v. Lockhart, the Supreme Court adapted the two-part Strickland standard to guilty pleas based on ineffective assistance of counsel, holding that a defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. 52, 57-59 (1985).

As noted in the following exchange between Smith's PCR trial counsel and the judge, the PCR court made findings on the record at Smith's PCR trial:

MR. MORDINI:   I just want to -- just, if I may, just clarify something.

JUDGE JACK:   Okay.

MR. MORDINI:   Well, the Court is right, the issue is whether there was erroneous advice given. But I think it's more than that.

It's whether erroneous advice was given and but for that erroneous advice there was ineffective assistance of counsel and the plea was, you know, intelligently made.

And I just would like to say that -- I think I've already made my record here, but our position again, without going into a lot of detail, is that the federal sentencing guidelines required that the federal sentence for a felon in possession of that firearm run

6 - FINDINGS AND RECOMMENDATION

|  |  |
|---|---|
|  | concurrent to the undischarged term of imprisonment in the state case. |
|  | And, again, I'll simply refer the Court to the United States Sentencing Guidelines, Chapter 5 G 1.3 B and chapter 4B 1.4 small B 3A. And that's all I have to say. |
| JUDGE JACK: | How could you possibly believe that I didn't understand that? Do you think I've -- am I on TV? Am I blanking out on you or something? |
| MR. MORDINI: | No. |
| JUDGE JACK: | Again, I'm so right the issues in the case have -- I think, the best evidence is the fact that it's U.S. District Court, District of Oregon, and that's explained in the affidavit by Mr. Papagni. |
|  | He clearly set it forth in his letter of offer insofar as a plea negotiation were concerned. He also set forth in his affidavit that it's been the practice in the District Court for the state of Oregon, Federal District Court for the State of Oregon to have the option for a judge under these circumstances to either run a concurrent or consecutive sentence under the charges that were brought forth that were pending in this case. |
|  | I find nothing that Mr. Bernier * * * did inappropriate or improper. I find that he acted in the best interest of his client. That he attempted in all efforts in all aspects to gain for his client the best sentence that was available to him under the circumstances for the jurisdiction collectively. |
|  | I find that he advised his client correctly insofar as the circumstances were concerned. And the threats that were hanging over his head, I find he was able, capable, competent, gave good advice, and was effective insofar as handling this matter. |

7 - FINDINGS AND RECOMMENDATION

> I find the plea that was given by Mr. Smith was intelligent, knowing, and voluntary based upon the information that was secured to him not only through his attorney but also through the U.S. attorney or deputy U.S. attorney who was involved in the situation.
>
> I find no basis to set aside or in any way adjust the sentence that was imposed. It was a stipulated sentence. Everybody was in agreement with what would happen inevitably in (inaudible).

MS. SAAD: No contest pleading.

JUDGE JACK: No contest pleading. But under the circumstances I find no basis for post conviction relief.

Respondent's Exhibit 114, pp. 41-43.

Smith's trial counsel submitted an affidavit to the court in the PCR proceedings attesting as follows: (1) that he believed the federal courts could impose a consecutive sentence to Smith's state sentence and that he forcefully and frequently advised Smith that if he did not resolve his state case by negotiation, he believed Smith would "die in prison"; (2) that the basis for his advice was a CLE he attended on the Armed Career Criminal Act; and (3) that "having the federal time be concurrent with his state time was a fundamental prerequisite to Mr. Smith's accepting the plea bargain." Respondent's Exhibit 107, pp. 1-2.

In addition, as referenced above in the exchange between Smith's counsel and the PCR trial judge, Frank Papagni, the Assistant United States Attorney who handled the federal prosecution of Smith submitted an affidavit to the PCR court. In

8 - FINDINGS AND RECOMMENDATION

that affidavit, he attested that Smith's assertion that he was never at risk of receiving a consecutive federal sentence was false because under the relevant federal law ultimate discretion as to the imposition of consecutive or concurrent sentences rested with the district judge. Respondent's Exhibit 110, p. 1. Moreover, Mr. Papagni attested that during plea negotiations with Smith's trial attorney, he expressed that it was his intent to make Smith die in prison if he did not accept the plea agreement and that this result would have been justified given Smith's criminal history which included 6 prior felonies all qualifying as violent crimes. Id. at 2.

In Smith's supporting memorandum, he continues to argue that the then-mandatory federal sentencing guidelines required a concurrent federal sentence under U.S.S.G. § 5G1.3(b)(2). Memorandum in Support (#29), pp. 4-5, 8. Smith concedes, however, that

> At the time Mr. Smith pled no-contest, 18 U.S.C. § 3584 granted federal judges discretion to run a sentence consecutively or concurrently. *United States v. Burns*, 894 F.2d 334, 337 (9th Cir. 1990)("[A]lthough Guideline § 5G1.3 appears to require concurrent sentences if the same transaction is involved, it is subservient to 18 U.S.C. § 3584(a), which makes the decision whether to impose a consecutive or concurrent sentence a matter of the trial judge's discretion.)

Memorandum in Support (#29), pp. 12-13. Nevertheless, Smith argues that "while counsel made a lucky guess that the district court could have imposed a consecutive sentence had it gone through an elaborate departure analysis," there was no basis for an upward

9 - FINDINGS AND RECOMMENDATION

departure and counsel was incorrect in advising Smith that he *would* receive a consecutive sentence if he did not accept the State's plea offer. Id. at 14 & 16.

The court is unpersuaded. Regardless of whether trial counsel's belief that the district court could impose a consecutive sentence was based on luck, his attendance at a CLE, and/or the written representations of the federal prosecutor, such belief was accurate. Moreover, in asserting that there was no basis for an upward departure which would justify imposition of a consecutive sentence, Smith inexplicably fails to address Mr. Papagni's assertion that Smith's criminal history which included 6 prior felonies all qualifying as violent crimes under federal law coupled with the nature of the crime spree and Smith's use of a firearm, warranted imposition of consecutive time. Respondent's Exhibit 110, pp. 1-2.

Accordingly, trial counsel's representation of Smith did not fall below an objective standard of reasonableness when he advised Smith that the district court could impose a consecutive federal sentence and that he believed he would "die in prison" if he did not accept the State's plea offer.

For these reasons, Smith's ineffective assistance claim fails under Strickland's (and Hill's) deficient performance prong. The PCR trial court's decision concluding that petitioner was not denied the right to effective assistance of counsel is neither

10 - FINDINGS AND RECOMMENDATION

contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due January 26, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of the Findings and Recommendation will go under advisement on that date.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of

appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 12th day of January, 2009.

_____
Paul Papak
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION