FILED'09 APR 09 14:54 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DON SMITH,

        Petitioner,

v.

GUY HALL, Superintendent,
Two Rivers Correctional
Institution,

        Respondent.

Civil No. 07-697-PK

ORDER

HAGGERTY, District Judge:

    Magistrate Judge Papak issued a Findings and Recommendation [35] in this action that recommended that petitioner's Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254 should be denied, and that judgment should enter dismissing this case with prejudice.

    Petitioner filed objections asserting errors in the Findings and Recommendation. Respondent submitted a two-sentence "Response" relying upon previously filed argument.

    When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1 -- ORDER

1309, 1313 (9th Cir. 1981). The objection was filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. For the following reasons, petitioner's objections are overruled.

## ANALYSIS

Magistrate Judge Papak provided a thorough analysis of the facts and circumstances in this action, and the facts need be only summarized here. Petitioner pled no contest to one count of Robbery in the First Degree and two counts of Robbery in the Second Degree in Douglas County, Oregon, in 2003. In exchange for petitioner's plea, the prosecution dismissed the other remaining Douglas County charges as well as charges in Coos County. Moreover, the federal prosecutor agreed to recommend that the federal district court run any sentence it imposed under the Armed Career Criminal Act concurrently with petitioner's state sentence. The sentencing court accepted Smith's plea and imposed a sentence totaling twenty-eight years. Findings and Recommendation at 2-3 (citations omitted).

Petitioner sought post-conviction relief (PCR) in state court. The PCR trial court denied relief. *Smith v. Hall*, Umatilla County Circuit Court Case No. CV04-1168. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Smith v. Hall*, 148 P.3d 926 (Or. App. 2006), *rev. denied*, 158 P.3d 508 (Or. 2007). Petitioner then filed this federal habeas action, claiming ineffective assistance of trial counsel regarding the advice counsel provided about entering into a no-contest plea agreement.

The Magistrate Judge relied upon the proper standards in analyzing the petition. Findings and Recommendation at 4-6. Petitioner raises three primary objections to the Findings and Recommendation, and these are addressed in turn.

1.      **Accuracy of trial counsel's advice.**

Petitioner first contends that the Findings and Recommendation "ignores a critical part of the record" -- the trial counsel's testimony at the PCR trial that indicated that the attorney told petitioner that he *would* receive consecutive sentences in federal court if he did not plead. Petitioner quotes the statements at issue:

> I told him that I believed he could be sentenced consecutively in Federal Court. And I told him that based on the facts of his particular case, I believed he would be sentenced consecutively in Federal Court. At the time, I believed that advice to be accurate.
>
> There is now a dispute, obviously, between the parties in this case as to whether that legal advice was accurate or inaccurate. And I have not done the research to determine whether I was right or wrong. I do know what I said, and I am prepared to tell you what I said.

Mem. in Supp. of Objections at 3 (citation omitted).

There is no grounds supported for an objection that the Magistrate Judge "ignored" this evidence. The Findings and Recommendation addressed this testimony directly:

> Smith's trial counsel submitted an affidavit to the court in the PCR proceedings attesting as follows: (1) that he believed the federal courts could impose a consecutive sentence to Smith's state sentence and that he forcefully and frequently advised Smith that if he did not resolve his state case by negotiation, he believed Smith would "die in prison"; (2) that the basis for his advice was a CLE he attended on the Armed Career Criminal Act; and (3) that "having the federal time be concurrent with his state time was a fundamental prerequisite to Mr. Smith's accepting the plea bargain."

Findings and Recommendation at 8 (citation omitted).

The testimony is clear – the trial counsel *believed petitioner could face consecutive federal sentences, and that under the facts presented, counsel believed petitioner would be so sentenced.* The Magistrate Judge's summary of this testimony – that the trial attorney "believed the federal courts could impose a consecutive sentence to Smith's state sentence and that he forcefully and frequently advised Smith that if he did not resolve his state case by negotiation, he believed Smith would 'die in prison,'" is accurate.

Notwithstanding possible distinctions between counsel's belief that petitioner *could* face consecutive federal sentences and counsel's belief that petitioner *would* be so sentenced, the advice petitioner received was well within the applicable objective standard of reasonableness required of counsel, and the Magistrate Judge did not err when he reached that conclusion:

> Regardless of whether trial counsel's belief that the district court could impose a consecutive sentence was based on luck, his attendance at a CLE, and/or the written representations of the federal prosecutor, such belief was accurate. Moreover, in asserting that there was no basis for an upward departure which would justify imposition of a consecutive sentence, Smith inexplicably fails to address [the federal prosecutor's] assertion that Smith's criminal history which included 6 prior felonies all qualifying as violent crimes under federal law coupled with the nature of the crime spree and Smith's use of a firearm, warranted imposition of consecutive time.
>
> Accordingly, trial counsel's representation of Smith did not fall below an objective standard of reasonableness when he advised Smith that the district court could impose a consecutive federal sentence and that he believed he would "die in prison" if he did not accept the State's plea offer.

Findings and Recommendation at 10 (citation omitted).

## 2. Accuracy of the federal prosecutor's affidavit.

Next, petitioner argues that the federal prosecutor submitted an inaccurate affidavit to the PCR trial court that acknowledged that 18 U.S.C. §3584 invests a district court judge with

4 -- ORDER

discretion to run a federal sentence consecutive or concurrent to another sentence, but failed to disclose that the same statute requires the judge to consider the factors set forth in 18 U.S.C. §3553(a) in deciding whether to impose a concurrent or consecutive term. Petitioner argues that when he was advised by trial counsel to accept the plea proposal requiring him to plead no contest in state court to three counts of robbery and to stipulate to a twenty-eight year sentence to avoid a consecutive federal sentence, the then-mandatory guidelines required that the federal sentence run concurrently to the state sentence. Mem. in Supp. of Objections at 4.

The Magistrate Judge noted that petitioner's assertion in this regard was inconsistent with petitioner's earlier acknowledgment that "[a]t the time Mr. Smith pled no-contest, 18 U.S.C. § 3584 granted federal judges discretion to run a sentence consecutively or concurrently." Mem. in Supp. of Pet. at 12 (citation omitted); *see also* Findings and Recommendation at 9. Moreover, the Magistrate Judge correctly concluded that "regardless of . . . the written representations of the federal prosecutor," the trial attorney's belief that the federal court could have imposed a consecutive sentence. This objection is overruled.

3.   **Reliance upon the federal prosecutor's views regarding upward departure.**

Petitioner's final primary argument asserts that the Findings and Recommendation erred in citing the federal prosecutor's affidavit to support the observation that petitioner failed to present a convincing argument that there was no basis for a possible upward departure. Specifically, the Findings and Recommendation noted that the petitioner failed to address the federal prosecutor's assertion that petitioner's criminal history (including six "violent crime" felonies and using a firearm) "warranted imposition of consecutive time." Findings and Recommendation at 10 (citation omitted).

5 -- ORDER

Petitioner provides details pertaining to sentencing departure procedures that were applicable at the time of petitioner's plea and argues that the factors referred to by the prosecutor would not have warranted a consecutive federal sentence. However, petitioner concedes that some factors presented in the affidavit would have merited an upward departure "in an exceptional case." Mem. in Supp. of Objections at 7.

In sum, the Findings and Recommendation concluded that the trial counsel's representation did not fall below an objective standard of reasonableness and there is no reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Petitioner's argument that this conclusion is in error because the Magistrate Judge referenced the prosecutor's affidavit in a passing comment that noted that petitioner opted not to address his criminal history is without merit.

## CONCLUSION

Petitioner's Objections [39] – including all eight of petitioner's arguments listed in the Objections and the arguments amplified in petitioner's Memorandum in Support, have been considered. The objections are without merit. This court has made a *de novo* determination of the Magistrate Judge's Findings and Recommendation. The Findings and Recommendation [35] is adopted, and petitioner's objections are overruled.

IT IS SO ORDERED.

Dated this 9 day of April, 2009.

                                                     Ancer L. Haggerty
                                                   United States District Judge